# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Wilson Santiago, Jr.<br>_Debtor(s)_ | CHAPTER 13 |
| Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE2 Asset-Backed Pass-Through Certificates<br>_Moving Party_<br>vs. | NO. 19-16046 AMC |
| Wilson Santiago, Jr.<br>_Debtor(s)_ | 11 U.S.C. Section 362 |
| Kenneth E. West<br>_Trustee_ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.   The post-petition tax advances on the mortgage held by Movant on the Debtor's residence are **$2,615.41**, which is itemized as follows:

Post-Petition Tax Advances:      $2,615.41 paid February 27, 2024
**Total Post-Petition Advances:      $2,615.41**

2.   The Debtor shall cure said arrearage in the following manner:

a). Beginning December 2024 and continuing through October 2025, until the arrears are cured, Debtor shall pay the present regular monthly mortgage payment of **$735.74** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$217.96** towards the arrearages on or before the last day of each month, with a final installment payment of **$217.85** due November 2025, at the address below:

Carrington Mortgage Services, LLC
P.O. Box 3730
Anaheim, CA 92806

b). Maintenance of current monthly mortgage payments to Movant thereafter.

3.   Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this Stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

5. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

8. The parties agree that a facsimile signature shall be considered an original signature.

Date:   November 13, 2024                /s/ Denise Carlon
                                         Denise Carlon, Esq.
                                         Attorney for Movant

Date:   December 16, 2024                /s/Akeem J. Parsons, Esquire
                                         Akeem J. Parsons
                                         Attorney for Debtor
                                         No Objection

Date:   December 17, 2024                /s/ LeeAne O. Huggins
                                         Kenneth E. West
                                         Chapter 13 Trustee

Approved by the Court this  30th  day of  Dec.  , 2024. However, the Court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan